IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII MASONS' AND PLASTERERS' ANNUITY FUNDS, by its trustees, | ) ) ) ) | CV20-00107 HG-KJM |
| | | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| Plaintiffs, | ) | PLAINTIFFS' MOTION FOR |
| | ) | DEFAULT JUDGMENT |
| vs. | ) | |
| | ) | |
| TOGIPO SENE ILI; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE TRUSTS 1-10, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Hawaii Masons' and Plasterers' Annuity Fund, by its trustees, Peter Iriarte,

Keone Walsh, Zach Bonilla, Melvin Silva Jr., Patrick Coronas, Greg Uyematsu,

Claude Matsumoto, Brian Viloria, Donald Pang, and Michael Mazzone

(collectively, "Plaintiffs"), sought default judgment against Defendant Togipo

Sene Ili ("Ili") in their May 8, 2020 Plaintiffs' Motion for Default Judgment

against Defendant Togipo Sene Ili ("Motion"). ECF No. 12. The Court initially

decided the unopposed Motion without a hearing and found in Plaintiffs' favor.

ECF No. 15. On July 20, 2020, the Court entered Findings and Recommendation

to Grant the Motion. ECF No. 17.

On August 10, 2020, the District Court referred the Findings and Recommendation back to this Court to consider whether an equitable lien should be imposed on the real property located at 85-1221 Kaneilio Street, Waianae, Hawaii 96792.  ECF No. 19.  The Court held a hearing on the Motion on September 18, 2020, at which hearing Ili appeared.  ECF No. 24.  Based upon the Court's discussion with Ili and Plaintiffs' counsel, the Court continued the hearing and instructed the parties to attempt to work out a settlement.  The parties did not settle, and the Court held a further hearing on October 16, 2020, at which Defendant Ili failed to appear.  The Court discussed with Plaintiffs' counsel several concerns it had regarding the merits of the Motion, after which the Court stated its inclination to find and recommend denial of the Motion.

After careful consideration of the Motion, declaration, exhibits, and comments of counsel, the Court reconsiders its Findings and Recommendation to Grant the Motion and instead, Finds and Recommends that the District Court DENY Motion.

## BACKGROUND

This action arises under the Labor-Management Relations Act of 1947, as amended ("LMRA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), and the Multiemployer Pension Plan Amendments Act of 1980 ("MPPA").  Plaintiffs allege that Ili was a participant in the Hawaii Masons' and

Plasterers' Annuity Fund ("the Fund"), and that he received and wrongfully

retained an annuity benefit overpayment in the amount of $30,719.26.  ECF No. 1.

Plaintiffs served Ili on March 14, 2020.  ECF No. 6.  On April 7, 2020,

Plaintiffs requested entry of default against Ili.  ECF No. 7.  On April 9, the Clerk

entered default against Ili.  ECF No. 8.  The Motion seeks entry of default

judgment against Ili for the annuity amount the Fund overpaid Ili, plus interest at

the rate of twelve percent per annum.

## ANALYSIS

"Entry of default does not entitle the non-defaulting party to a default

judgment as a matter of right."  *In re Villegas*, 132 B.R. 742, 746 (B.A.P. 9th Cir.

1991).  "Cases should be decided upon their merits whenever reasonably possible."

*Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  Accordingly, default

judgments are ordinarily disfavored.  *Id*.  Courts may consider the following

factors in deciding a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
> the sum of money at stake in the action, (5) the possibility of a dispute
> concerning material facts, (6) whether the default was due to
> excusable neglect, and (7) the strong policy underlying the Federal
> Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  For the reasons

discussed below, the Court finds that the foregoing factors weigh against default

judgment and recommends denying Plaintiffs' request for default judgment against Ili.

A.    Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, it is unclear whether, absent entry of default judgment, Plaintiffs are without another recourse for recovery.  In addition to Ili, Plaintiffs identified as defendants, Jane Does 1-10, Doe Corporations 1-10, Doe Partnership 1-10; and Doe Trusts 1-10 (together, "Doe Defendants").  Plaintiffs assert that the Doe Defendants "are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds."  ECF No. 1 at 3 ¶ 8.  Plaintiffs further allege that Ili "and/or Doe Defendants have all or a portion of the Annuity benefit overpayment in their possession."  *Id.* at 12 ¶ 47.

Count I of Plaintiffs' Complaint alleges that Ili "and/or" the Doe Defendants wrongfully received and retained the overpayment:

54.    Defendant and/or Doe Defendants did not repay or

4

otherwise return any portion of the annuity overpayment to the Fund.

     55.    Defendant and/or Doe Defendants wrongfully received and retained $30,719.26 in annuity benefits without adequate legal basis[.]

*Id*. at 13 ¶¶ 54, 55.

Likewise, Count II of Plaintiffs' Complaint alleges that Ili "and/or" the Doe Defendants unjustly received and retained the overpayment:

     60.    Defendant and/or Doe Defendants wrongfully received an annuity overpayment in the amount of $30,719.26.

     61.    Defendant and/or Doe Defendants unjustly received and retained $30,719.26 in annuity benefits.

     62.    The overpayment received and retained by Defendant and/or Doe Defendants has resulted in losses to fund assets and excess administrative expenses that negatively affect the allocation of annuity benefits to the other Participants in the Fund.

     63.    Defendant and/or Doe Defendants received and retained $30,719.26 in annuity benefits at the expense of Plaintiffs and its Participants.

*Id*. at 14 ¶¶ 60-63.

Given Plaintiffs' allegations that Ili "and/or" Doe Defendants are liable for

the alleged overpayment, and noting that Plaintiffs have not dismissed the Doe

Defendants, it is apparent that Plaintiffs may have an alternate remedy, *i.e.*, pursuit

of the Doe Defendants.  Accordingly, this factor weighs against default judgment.

> B.    Merits of Plaintiffs' Substantive Claims

Factual allegations of a complaint are taken as true on default except those

relating to the amount of damages.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560

(9th Cir. 1977).  Here, taking the factual allegations of the Complaint as true,

Plaintiffs fail to establish that they are entitled to judgment in their favor.

First, as already discussed, Ili may not be the sole or even proper defendant

in this case.  Plaintiffs assert that Ili "and/or" the Doe Defendants wrongfully

received and retained the alleged overpayment.  Plaintiffs' own allegations assert

that Ili may not have wrongfully received and retained the alleged overpayment,

but rather that Doe Defendants did.  On that basis alone, default judgment against

Ili is not warranted.

Second, upon review of the exhibits attached to the Motion, it appears to the

Court that the Fund's communications with Ili were confusing, if not outright

misleading, to not only Ili, but to the Fund as well.  This is the timeline of the

material events set forth in the Complaint and Motion:

> May 24, 2018:    The Fund makes a $30,719.26 gross benefit
> distribution to Ili based upon Ili's February 28, 2017
> account balance.  ECF No. 1 at 27.

Nov. 21, 2018:    The Fund approves Ili's annuity calculation for plan year ending February 28, 2018 (prior to his $30,719.26 May 24, 2018 distribution). Ili's February 28, 2018 balance was $33,078.62. *Id.* at 30-31.

Dec. 7, 2018:    The Fund informs Ili that his February 28, 2018 balance was $33,078.62. *Id.* at 32; ECF No. 12-6 at 9-10. The Fund does not inform Ili that any distributions taken after February 28, 2018, *i.e.*, the May 24, 2018 distribution, were not reflected in this account balance.

Dec. 10, 2018:    Ili submits a Benefit Application Form asking to withdraw his account balance from the Fund effective January 1, 2019. ECF No. 12-6 at 2. This balance was $2,359.36 (Ili's February 28, 2018 balance of $33,078.62 minus Ili's May 24, 2018 distribution of $30,719.26). ECF No. 1 at 10 ¶ 33.

Jan 25, 2019:    The Fund does not pay Ili his January 1, 2019 account balance ($2,359.36) as Ili requested. Instead, the Fund pays Ili his February 28, 2018 account balance ($33,078.62). ECF No. 12-7 at 3-4.

The Fund's practice of sending outdated account balances to beneficiaries, without any indication to the beneficiary that the balance is not a current balance, is confusing and perhaps the cause of the current dispute. This questionable accounting practice is only exacerbated by the Fund's payment of distributions to beneficiaries based on historical, rather than current, account balances, notwithstanding the beneficiary's request. At the hearing, Plaintiffs could not explain this practice to the Court, but did agree that the Fund, an ERISA plan, owes a fiduciary obligation to all beneficiaries, including Ili.

"ERISA requires a plan fiduciary to 'discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries[.]'" *Sidlo v. Kaiser Permanente Ins. Co.*, 221 F. Supp. 3d 1183, 1212 (D. Haw. 2016) (quoting 29 USC § 1104(a)(1)(B)). ERISA requires plan fiduciaries to discharge these duties "'with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.'" *Id*. The Fund's practice of providing beneficiaries their outdated account balances, and then making distributions based upon those outdated account balances, appears to conflict with the Fund's fiduciary obligations to its beneficiaries.

Third, the Fund's own rules and regulations militate against granting default judgment. Plaintiffs provided the Court with the March 1, 2014 Restatement of the Hawaii Masons and Plasterers Annuity Plan Rules and Regulations ("Rules and Regulations") as an exhibit to the Motion. ECF No. 12-8. The Rules and Regulations set forth a clear claims processing procedure by which the "Trustees will decide on all matters concerning claims for benefits." ECF 12-8 at 24.

Ili submitted his second claim for benefits – which the Fund now claims it wrongly paid – on December 10, 2018. ECF No. 1 at 34; ECF 12-6 at 2. In that claim, Ili asked to withdraw his account balance effective January 1, 2019. ECF

8

No. 12-6 at 2.  Although Plaintiffs allege in their Complaint that Ili applied for a $33,078.62 disbursement, the Fund's own records indicate that he did not.  Rather, Ili simply asked for a distribution of his balance effective January 1, 2019.  ECF No. 12-6 at 2.

The Rules and Regulations provide a process for denying claims in whole or in part, which includes a Notice of Denial and an appeal process.  ECF No. 12-8 at 20-22 (Article IV, Sections 7-8).  Likewise, the Rules and Regulations provide that any denial of a claim for benefits had to occur with 90 days of Ili's December 10, 2018 Benefit Application, unless an extension was requested.

Based on the record before the Court, the Fund did not deny Ili's claim, but rather approved it, based on its own calculations, and paid Ili $33,078.62 on January 24, 2019.  ECF No. 1. at 36; ECF No. 12-7 at 3.  Incredibly, although Ili expressly requested disbursement of his account balance effective January 1, 2019, ECF No. 12-6 at 2, the Fund distributed to him his account balance as of February 28, 2018.  ECF No. 12-7 at 2.  Only adding to the Fund's predicament, the Rules and Regulations state that the decision to pay benefits is final and binding:  "The decisions of the Trustees in all matters pertaining to the administration of the plan shall be final."  ECF No. 12-8 at 27 (Article V, Section 1).  At the hearing, Plaintiffs were unable to explain to the Court how they were entitled to default judgment in light of this record.

Lastly, although the Court is not a handwriting expert, the two signatures on the cashed checks at issue appear materially different. *Compare* ECF No. 12-5 at 2 *with* ECF No. 12-7 at 2. Taking into account seemingly different check endorsements with the extensive Doe Defendant allegations, the Court is not convinced that judgment against Ili, or against Ili alone, is proper.

In sum, on this record, there is no basis to find that Plaintiffs are presently entitled to judgment on the merits against Ili. The record presents far more questions than answers, and it raises serious questions about how the Fund undertakes its accounting obligations and communicates with its beneficiaries. The Court finds that this factor weighs heavily against default judgment.

C.    Sufficiency of the Complaint

As explained above, the Court finds that the Complaint, in its current form, fails to allege facts sufficient to support default judgment against Ili. Accordingly, this factor weighs against default judgment.

D.    Sum of Money at Stake in the Action

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc*., 238 F. Supp. 2d at 1177 (citing *Eitel*, 782 F.2d at 1472). Plaintiffs assert that the Fund wrongly overpaid Ili $30,719.26. The Court finds this amount significant, particularly given the Fund's obligation to hold this money in trust for all its beneficiaries. Nonetheless, the

10

Court finds that this factor weighs against default judgment because of the need to more fully discover (i) what happened, (ii) who is responsible, and (iii) who has the overpayment.

E.    Possibility of a Dispute Concerning Material Facts

As noted above, the facts are quite unclear to the Court.  This factor weighs against default judgment.

F.    Whether Default was Due to Excusable Neglect

The Court finds that there is no evidence of excusable neglect by Ili.  Ili appeared at one hearing, and he is clearly aware of the lawsuit.  He simply is choosing not to defend it.  Consequently, this factor weighs in favor of default judgment.

G.    Policy Favoring Decisions on the Merits

Ili's failure to participate makes a decision on the merits impractical, if not impossible.  Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D.Cal. 2003) ("[T]he mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Ili has failed to defend this action and has consequently rendered adjudication on the merits before this Court difficult.  This factor weighs in favor of entering default

judgment.

        H.      Totality of *Eitel* Factors

The Court finds that the totality of the factors, and in particular, the lack of Ili's demonstrable liability on the record before the Court, weigh against entering default judgment in Plaintiffs' favor and against Ili.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the District Court DENY Plaintiffs' Motion for Default Judgment Against Defendant Togipo Sene Ili.

IT IS SO FOUND AND RECOMMENDED.

DATED:      Honolulu, Hawaiʻi, November 19, 2020.

Kenneth J. Mansfield
United States Magistrate Judge

CV20-00107 HG-KJM; *Hawaii Masons' and Plasterers' Annuity Fund v. Ili*; Findings and Recommendation to Deny Plaintiffs' Motion for Default Judgment against Defendant Togipo Sene Ili